UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE LAVERNE AYERS,                                   Case No. 4:05-CV-137

        Plaintiff,                                   Hon. Richard Alan Enslen

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## ORDER DENYING MOTION FOR FEES AND COSTS

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act. Counsel seeks $3,000.13 in fees and costs, as detailed in his application. For the reasons articulated below, the Court **denies** counsel's request.

Pursuant to the Equal Access to Justice Act ("EAJA"), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Sec'y, United States Dep't of Labor v. Jackson County Hosp.*, 2000 WL 658843 at *3 (6th Cir. May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 359 (6th Cir. 1984).

As the Magistrate Judge indicated in her Report and Recommendation, Plaintiff began experiencing severe back pain in February 2002. He was ultimately diagnosed with degenerative disc disease for which spinal fusion surgery was performed on January 16, 2003. Plaintiff's condition eventually improved, so much so that he returned to his previous employment on January 27, 2005.

The Administrative Law Judge ("ALJ") recognized that Plaintiff's impairment rendered him unable to work for a period of time. Specifically, the ALJ determined that Plaintiff was disabled and entitled to benefits for the period from February 9, 2002, through July 31, 2003. The ALJ further concluded, however, that as of August 1, 2003, Plaintiff was no longer entitled to disability benefits because his condition had sufficiently improved to permit him to perform limited work activities on a regular basis.

Substantial evidence supports the ALJ's conclusion that Plaintiff's condition improved following his surgery. This is certainly demonstrated by the fact that Plaintiff eventually returned to his previous employment. As the Magistrate Judge correctly concluded, however, substantial evidence does not support the ALJ's determination regarding how quickly (and to what extent) Plaintiff regained the ability to perform substantial gainful activity. The Magistrate Judge also correctly concluded that the

record failed to support Plaintiff's position that he remained unable to work until January 2005. Accordingly, this matter has been remanded to determine whether Plaintiff was able to perform work which exists in significant numbers between the dates of August 1, 2003 and January 27, 2005.

While the Court has concluded that the Commissioner's decision is not supported by substantial evidence, the Court recognizes that this is a matter on which reasonable people can disagree. In sum, the Court finds that the Commissioner's position is supported, both in law and fact, "to a degree that could satisfy a reasonable person." Thus, an award of fees and costs under the EAJA is not appropriate. This conclusion is further influenced by the Magistrate Judge's conclusion that the evidence of Plaintiff's disability is less than compelling, as well as the fact that this matter was remanded not for an award of benefits, but rather to address unresolved factual issues. *See Gray v. Comm'r of Soc. Sec.*, 23 Fed. Appx. 436, 437 (6th Cir. 2001) (that the case was remanded not to award benefits, but for "further proceedings due to an error of law. . .further supports the Commissioner's argument that his position was justifiable"). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Fees and Costs Pursuant to the EAJA (Dkt. No. 11) is **DENIED**.

DATED in Kalamazoo, MI:  
September 11, 2007

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE